RENDERED:  JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1172-MR

KENNETH LONGSTREATH          APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.        HONORABLE KATHLEEN LAPE, JUDGE
ACTION NO. 19-CI-00488

AMERICAN FAMILY
INSURANCE COMPANY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND K. THOMPSON,
JUDGES.

CLAYTON, CHIEF JUDGE:  Kenneth Longstreath appeals from a summary

judgment granted by the Kenton Circuit Court to American Family Insurance

Company ("American Family").  At issue is whether Ohio or Kentucky law

governs the amount of underinsured motorist ("UIM") coverage available under

Longstreath's automobile insurance policy with American Family. Longstreath argues that the application of Kentucky law is required under the express terms of the policy, under Kentucky's choice of law test, and as a matter of public policy. Upon review, we affirm.

Longstreath was injured in a two-vehicle accident in Kentucky. At the time of the accident, he was a resident of Ohio, his car was registered in Ohio, and his automobile insurance policy with American Family was issued in Ohio. After filing suit in Kenton Circuit Court, he settled with the other motorist, Tess Jones, a resident of Kentucky, and her insurer, Safe Auto, for her policy limits of $25,000. He also sought UIM benefits from American Family. His policy with American Family provides for UIM benefits in the amount of $100,000. The parties agree that under Ohio law, these UIM benefits would be reduced by $25,000, the amount Longstreath recovered from the other motorist, whereas under Kentucky law, there would be no offset.[1] American Family moved for summary judgment, arguing that under Kentucky's choice of law principles, Ohio law applies to the interpretation of the policy. The trial court granted the motion on the grounds that Ohio had the most significant relationship to the transaction and the parties. This appeal by Longstreath followed.

---

[1] Longstreath relies on Kentucky Revised Statutes ("KRS") 304.39-320(5) which states that nothing "reduces or affects the total amount of [UIM] coverage available to the injured party."

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); Kentucky Rules of Civil Procedure ("CR") 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). On the other hand, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482. "An appellate court need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).

Longstreath argues that the application of Kentucky law is required (1) under the express language of his policy with American Family; (2) under Kentucky's most significant relationship test for choice of law; and (3) as a matter of public policy.

Longstreath's family car policy with American Family is comprised of PART I – LIABILITY COVERAGE, which contains Sections A. through F.;

PART II – CAR DAMAGE COVERAGES, which contains Sections A. through G.; a GENERAL CONDITIONS section containing twelve numbered paragraphs; and the following five endorsements found under the heading OHIO CHANGES: LEASE/LOAN COVERAGE; CANCELLATION AND NONRENEWAL ENDORSEMENT – OHIO; UNINSURED MOTORIST COVERAGE – OHIO; MEDICAL EXPENSE COVERAGE – OHIO; AND EMERGENCY ROAD SERVICE COVERAGE.

The provision relied upon by Longstreath is found in PART I – LIABILITY COVERAGE under Subsection F, which is entitled ADDITIONAL CONDITIONS. Paragraph 1 of Subsection F provides as follows:

> 1. Out of State Coverage.
>
> This policy conforms to any motor vehicle insurance law to which an **insured person** is subject by using a **car** in any **state**. But, any broader coverage so afforded shall be reduced to the extent that other auto liability insurance applies. In no event shall a person collect more than once for the same element of loss.

(Emphasis in original.)

Longstreath claims that the first sentence of Paragraph 1 – "This policy conforms to any motor vehicle insurance law to which an **insured person** is subject by using a **car** in any **state**" – means that his policy must conform to Kentucky's motor vehicle insurance laws with the result that the offset against his UIM coverage for the $25,000 settlement would not be permitted.

-4-

"Any contract or agreement must be construed as a whole, giving effect to all parts and every word in it if possible." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384-85 (Ky. App. 2002) (citation omitted). When the insurance policy is viewed as a whole, it is clear that Paragraph 1 is intended to apply only to liability coverage under PART I and not to the Ohio-specific UIM coverage provided in the endorsement. PARTS I and II each contain discrete provisions that are pertinent only to those parts. The language at issue is not repeated in the GENERAL CONDITIONS section nor is it found in the UIM endorsement. From its placement in the policy, this paragraph applies only to liability coverage. This interpretation is confirmed by the express language of the UIM endorsement which provides in part that "[t]he limits of liability of this coverage will be reduced by . . . [a]ll sums paid because of **bodily injury** by or on behalf of persons or organizations who may be legally responsible." (Emphasis in original.) The preface to the endorsements states: "With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement." Thus, even if Paragraph 1 of Subsection F was intended to apply to UIM coverage, it would be modified by the UIM endorsement.

Next, Longstreath argues that Kentucky law should apply because it is the state with the most significant relationship "to the transaction and the parties." *Lewis v. American Family Ins. Group*, 555 S.W.2d 579, 581-82 (Ky. 1977)

(quoting RESTATEMENT OF CONFLICT OF LAWS 2d, sec. 188 (1971)). The "most significant relationship" test is preferred because the validity of a contract and "the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship" to the transaction and the parties. *Id*. at 582. "Using this test, in most cases the law of the residence of the named insured will determine the scope of his automobile liability insurance policy." *Id*. The trial court held that Ohio had the most significant relationship to this case because Longstreath "is a resident of Ohio, his vehicle was registered in Ohio, the policy was written in Ohio, and the only contact with Kentucky was the accident." Longstreath does not dispute these facts but contends that other facts should be given more weight, namely, that the accident occurred in Kentucky, he was injured in Kentucky, and he filed suit seeking monetary recovery in a Kentucky court against a citizen of Kentucky. He points out that an automobile and the risks associated with it are transitory in nature and that the UIM coverage travelled with the automobile.

In *Lewis*, the Kentucky Supreme Court addressed a similar fact pattern involving a choice of law between Indiana and Kentucky in an auto insurance dispute. It concluded: "Because the insurance contracts in this case were entered into in Indiana between Indiana parties and concerned automobiles

which were licensed and garaged in Indiana, we are of the opinion that Indiana law should govern the rights and liabilities of the parties under these contracts." 555 S.W.2d at 582. More recently, the Court held that Pennsylvania law should apply to the insurance contract of a Pennsylvania resident involved in an automobile accident in Kentucky:

> [The appellee], a Pennsylvania resident, entered into an auto insurance contract in Pennsylvania that makes specific reference to Pennsylvania law and that covers, primarily, the vehicle she registered, garaged, and used exclusively in Pennsylvania. The fortuitous fact that the accident occurred in Kentucky is far outweighed by the significant relationship Pennsylvania has with the parties and the insurance transaction, and so, absent some compelling reason not to apply our general choice-of-law rule, Pennsylvania law should control.

*State Farm Mut. Auto. Ins. Co. v. Hodgkiss-Warrick*, 413 S.W.3d 875, 879 (Ky. 2013) (footnote omitted).

Guided by this precedent, and given the factual similarities among these cases, we agree with the trial court that Ohio had the most significant relationship to the contract and the parties in this case. Consequently, Ohio law shall apply to this insurance dispute.

Finally, Longstreath argues that Ohio law should not be applied because it contravenes Kentucky public policy. He relies on *Philadelphia Indemnity Insurance Company v. Morris*, 990 S.W.2d 621 (Ky. 1999), which held that the exclusive remedy provision of the Kentucky Workers' Compensation Act

-7-

would not preclude a worker injured in automobile accident at work from recovering UIM benefits from the employer's motor vehicle insurance policy. The Court held that the UIM endorsement in the policy requiring such a set off was in direct opposition to Kentucky public policy regarding UIM coverage, which was to provide full recovery to the injured party. *Id.* at 627. As evidence of this public policy, the Court relied on a 1988 revision of KRS 304.39-320, which removed language decreasing UIM benefits by the amount of the tortfeasor's liability coverage. *Morris*, 990 S.W.2d at 627.

More recently, the Kentucky Supreme Court specifically addressed whether an out-of-state insurance policy that did not provide UIM coverage contravened Kentucky public policy. It was argued that this exclusion, which applied if the insured was injured in an underinsured vehicle owned or regularly used by a resident relative, "contravenes a Kentucky public policy against family or household exclusions from insurance coverage and in favor of 'fully compensating' accident victims, and so should not be enforced in Kentucky regardless of its legality in Pennsylvania." *Hodgkiss-Warrick*, 413 S.W.3d at 880. The Supreme Court rejected this argument, stating

> the fact that a contract, if made in Kentucky, would not be enforceable as a matter of public policy, does not necessarily mean that it is against public policy to enforce such a contract when valid where made. If the mere fact that Kentucky law differed from a sister state's law were enough to require the application of Kentucky

law, after all, then there would be no choice of law question, for Kentucky law would always apply in Kentucky courts. To bar enforcement in the case where the contract was valid where made, the Kentucky public policy against enforcement must be a substantial one, a "well-founded rule of domestic policy established to protect the morals, safety or welfare of *our people*." (emphasis supplied). Where no Kentucky resident has been affected, rarely will that standard be met. It is not met here where the competing public policies – supposing a Kentucky policy against this UIM exclusion – concern only the balance to be struck between required insurance coverage and insurance affordability, a balance different states have assessed differently. Since here no Kentucky resident is affected, nothing requires a Kentucky court to interfere with the balance Pennsylvania has chosen for its citizens.

*Id*. at 882-83 (citations omitted).

Thus, although a provision limiting UIM coverage in an insurance contract entered into in Kentucky by Kentucky parties might be found to be unenforceable as against Kentucky public policy, a different standard is applied to the terms of a valid out-of-state contract. Longstreath is not a Kentucky resident; his contract with American Family is valid under Ohio law; and Ohio law regarding the UIM offset represents a competing public policy which Ohio has chosen for its citizens. In light of these facts, the high standard set for barring enforcement of the provision in his insurance contract on the basis of public policy, as set forth in *Hodgkiss-Warrick*, has not been met.

For the foregoing reasons, the summary judgment granted by the

Kenton Circuit Court to American Family is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Louis C. Schneider
Cincinnati, Ohio

BRIEF FOR APPELLEE:

David A. Shearer, Jr.
David W. Zahniser
Fort Mitchell, Kentucky